[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

_____

No. 99-2200

UNITED STATES OF AMERICA,

Appellee,

v.

LUIS A. CASTRO-MORALES,

Defendant, Appellant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

_____

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

_____

Carmen R. DeJesus for appellant.
Michelle Morales, Assistant United States Attorney, with whom
Guillermo Gil, United States Attorney, and Jorge E. Vega-Pacheco,
Assistant United States Attorney, were on brief for appellee.

_____

October 26, 2001

_____

**Per Curiam**.  Luis A. Castro-Morales appeals his conviction for conspiring to defraud the United States Department of Veterans Affairs (VA), for aiding and abetting in the embezzlement or conversion of funds from the VA and for aiding and abetting in the embezzlement or conversion of funds which came into his control as an employee of the VA.  18 U.S.C. §§ 2, 641, 654 (1994 & Supp. II 1996).  The sole claim presented by Castro-Morales on appeal is that the district court judge erred in not giving a multiple conspiracy instruction, rather than a single conspiracy instruction, to the jury.

Castro-Morales waived this argument by not proposing such an instruction to the trial judge, joining a request to do so, or objecting to the trial court's refusal to give such an instruction.  Our decision is mandated by our prior holding in an appeal brought by Castro-Morales's two co-defendants. United States v. Leon-Delfis, 203 F.3d 103, 113 (1st Cir. 2000).  In that case, we held that Castro-Morales's co-defendant, Santiago-Sanchez, had waived his right to object to

the failure to give a multiple conspiracy instruction where a third co-defendant, Leon-Delfis, had asked for the instruction and objected to the failure to give the instruction, but Santiago-Sanchez had not joined the instruction and there was no indication that the district court had stated that an objection from one defendant would be considered an objection for all defendants.  Castro-Morales is in the same situation as Santiago-Sanchez.  It is worth adding that the claim of error as to the need for multiple conspiracy instruction is not a strong one and there was certainly no plain error in the court's failure to give the instruction.

Affirmed.